IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01863-NYW

DENNIS RUSSELL HOOPER,

    Plaintiff,

v.

YAMPA VALLEY MEDICAL CENTER, and
LAILA WILBER POWERS,

    Defendants.

## ORDER ON MOTION TO DISMISS

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendants Yampa Valley Medical Center ("YVMC") and Dr. Laila Powers's ("Dr. Powers") (collectively, "Defendants") Motion to Dismiss for Failure to File a Certificate of Review ("Motion to Dismiss" or "Motion"), filed November 29, 2018. *See* [#23]. The court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated October 26, 2018, [#15]. The court concludes that oral argument would not materially assist in the resolution of this matter. Accordingly, upon review of the Motion, related briefing, the court's docket, and the applicable case law, the court **GRANTS IN PART and DENIES IN PART** the Motion to Dismiss for the reasons stated herein.

## BACKGROUND

The court draws the following facts from the Complaint [#1],[1] the operative pleading in this matter, and presumes they are true for purposes of the instant motion. On or about February

---

[1] Defendants attach to their Motion to Dismiss a "supplemental statement, more fully describing [Plaintiff's] claims against YVMC," which Plaintiff provided at Defendants' request. *See* [#23-2]. Neither party filed this supplemental statement on the court's docket, and Plaintiff has not

8, 2016, Plaintiff Dennis Hooper ("Plaintiff" or "Mr. Hooper"), a citizen of Oregon, presented to the emergency room of YVMC in Steamboat Springs, Colorado, complaining of a "severely swollen upper right leg." *See* [#1 at 5]. Mr. Hooper alleges that Dr. Powers was the attending emergency room physician, and that Dr. Powers "ordered blood tests and an ultrasound to determine the cause of the swelling, but no x-rays were done." [*Id.*]. According to Mr. Hooper, Dr. Powers diagnosed the swelling as Deep Vein Thrombosis, and released Plaintiff that same day. *See* [*id.*].

Several days later, Plaintiff returned home to Portland, Oregon. *See* [*id.*]. Because the swelling in Plaintiff's leg persisted, he sought additional medical treatment in the emergency room at the Portland, Oregon Veteran's Administration hospital. *See* [*id.*]. Physicians at the Veteran's Administration hospital took x-rays of Plaintiff's right leg and determined that Mr. Hooper's "right femur had a shear fracture above the knee." [*Id.*]. Mr. Hooper underwent surgery for the installation of "a stabilization rod and hardware" on or about February 15, 2016. *See* [*id.*]. Mr. Hooper underwent two additional surgeries "to partially remove some of the hardware[,]" and subsequent tests determined that there was no Deep Vein Thrombosis present. *See* [*id.*].

Plaintiff then initiated the instant action by filing his *pro se* Complaint in this District pursuant to 28 U.S.C. § 1332 on July 23, 2018. *See* [#1]. The Complaint appears to assert one claim for medical malpractice against Defendants. *See generally* [*id.*]. The Honorable Gordon P. Gallagher granted Plaintiff leave to proceed *in forma pauperis*, *see* [#4], and had this matter drawn to the undersigned on August 27, 2018, *see* [#6].

---

sought nor has the court granted him leave to file an Amended Complaint. Thus, I do not consider the allegations in the supplemental statement.

Following service by the United States Marshals Service, Defendants filed their Answer on October 1, 2018. *See* [#12]. The Parties then appeared before the court for a Status Conference, at which the court set a pre-trial discovery schedule, including a deadline of November 7, 2018 for Plaintiff to file a certificate of review applicable to his medical malpractice claim. *See* [#16]. On November 9, 2018, the Clerk of the Court docketed Plaintiff's Certificate of Review, signed and dated November 2, 2018, wherein Mr. Hooper certifies that he "consulted two orthopedic surgeons who have expertise in the relevant area of medicine pertaining to [his] complaint"; that the two orthopedic surgeons reviewed all materials relevant to Plaintiff's allegations of negligence; and that the two orthopedic surgeons "meet the requirements of C.R.S. § 13-20-602." [#18].

Defendants filed the instant Motion to Dismiss on November 29, 2018, arguing that the Certificate of Review fails to certify that Plaintiff consulted with experts qualified to opine on the applicable standard of care and that those experts concluded Mr. Hooper's claim "does not lack substantial justification." *See* [#23]. Plaintiff has responded [#25] and Defendants replied [#26]; thus, the Motion is ripe for resolution.

## LEGAL STANDARD

Pursuant to Colorado statute, a plaintiff in "every action for damages . . . based upon the alleged professional negligence of . . . a licensed professional" must file within 60 days of service of the complaint "a certificate of review for each . . . licensed professional named as a party . . . ." Colo. Rev. Stat. § 13-20-602. Relevant here, the certificate of review must contain a declaration that:

> (I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and
>
> (II) That the professional who has been consulted . . . has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct and, based on the review

3

of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13-17-102(4).

\* \* \*

(c) In an action alleging professional negligence of a physician, the certificate of review shall declare that the person consulted meets the requirements of section 13-64-401 . . . .

*Id.* §§ 602(3)(a)(I)-(II), 602(3)(c); *see also id.* § 13-64-401 (articulating the qualifications for expert witnesses in medical malpractice cases). This requirement applies to all plaintiffs, even those proceeding *pro se*. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1118 (10th Cir. 2004) (citing *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002)), if the claims of professional negligence "require the plaintiff to establish a prima facie case by means of expert testimony[,]" *Martinez v. Badis*, 842 P.2d 245, 249 (Colo. 1992). Failure to file a certificate of review necessitates the dismissal of the claim. *See Colo. Tr. for Prot. & Benefits v. Souder, Miller & Assocs., Inc.*, 870 F. Supp. 2d 1173, 1179 (D. Colo. 2012) (quoting Colo. Rev. Stat. § 13-20-602(4)).

## ANALYSIS

Before addressing Defendants' objections to Mr. Hooper's Certificate of Review, the court must first determine the necessity of a certificate of review. In his response, Mr. Hooper argues that a certificate of review is unnecessary because there is no need for expert testimony to establish a prima facie case of medical malpractice. *See* [#25 at 1]. Instead, Mr. Hooper contends that Dr. Powers's conduct obviously fell below a reasonable standard of care, such that any lay juror could conclude that Defendants were negligent. *See* [*id.* at 2-4]. Plaintiff continues that Colorado law provides standards of care that Dr. Powers must follow, rendering her conduct negligence *per se*, and, additionally, Plaintiff is invoking the theory of *res ipsa loquitur* to establish the obviousness of Defendants' negligence. *See* [*id.*]. Defendants counter, and I agree, that Mr. Hooper's claim

4

requires an expert opinion to establish the standard of care applicable to Dr. Powers's conduct, and that negligence *per se* and *res ipsa loquitur* do not suggest otherwise. *See* [#26 at 1-7].

In Colorado, medical malpractice actions are a subset of negligence actions and thus require a plaintiff to "show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and that the defendant's breach caused the plaintiff's injury." *Day v. Johnson*, 255 P.3d 1064, 1068-69 (Colo. 2011). Establishing the requisite duty of care depends on whether the physician-defendant is a nonspecialist or specialist. *See Hall v. Frankel*, 190 P.3d 852, 858 (Colo. App. 2008) ("Physicians who practice a medical specialty are required to possess a higher degree of skill within that specialty than would a general practitioner or a practitioner in another specialty."). "A nonspecialist physician must act consistently with the standards required of the medical profession in the community where he or she practices[,]" whereas "a physician who holds himself or herself out as a specialist in a particular field of medicine is measured against a standard commensurate with that of a reasonable physician practicing in that specialty." *Jordan v. Bogner*, 844 P.2d 664, 666 (Colo. 1993).

In his Complaint, Mr. Hooper asserts that Defendants were negligent given Dr. Powers's failure to conduct an x-ray of Mr. Hooper's right leg and diagnosis and treat his right femur shear fracture. *See* [#1]. While Mr. Hooper argues that his "medical records . . . are clear and indisputable," allowing a lay jury to determine Defendants' negligence, "[a] physician possessing ordinary skill and exercising ordinary care in applying it is not responsible for a mistake of judgment." *Basanti v. Metcalf*, No. 11-CV-02765-PAB-NYW, 2015 WL 868758, at *27 (D. Colo. Feb. 26, 2015) (citing *Bonnet v. Foote*, 107 P. 252, 254 (Colo. 1910)). Indeed, a poor outcome is insufficient to prove negligence. *See Day*, 255 P.3d at 1069. Mr. Hooper must instead prove a breach of the duty of care, "'measured by whether a reasonably careful physician of the same

school of medicine as the defendant would have acted in the same manner as did the defendant in treating and caring for the patient.'" *Gallardo v. United States*, 752 F.3d 865, 871 (10th Cir. 2014) (quoting *Day*, 255 P.3d at 1069)). To be sure, there may be instances where a medical malpractice claim "lies within the ambit of common knowledge or experience of ordinary persons," but "matters relating to medical diagnosis and treatment ordinarily involve a level of technical knowledge and skill beyond the realm of lay knowledge and experience," requiring expert opinion testimony. *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990). I find that Mr. Hooper's claim requires expert testimony.

Next, the court agrees with Defendants that Mr. Hooper's Complaint does not allege a negligence *per se* claim. *See Scott v. Matlack, Inc.*, 39 P.3d 1160, 1166 (Colo. 2002) ("negligence per se occurs when the defendant violates a statute adopted for the public's safety and the violation proximately causes the plaintiff's injury."). And while Plaintiff identifies certain Colorado and federal regulations that Dr. Powers allegedly violated, a plaintiff may not effectively amend his Complaint in his Response to a Motion to Dismiss. *See In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) ("The plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss."). Nevertheless, Colorado courts have held that a plaintiff must file a certificate of review for all "claims '<u>based upon</u>' the alleged professional negligence of a licensed professional[,]" including "<u>every claim</u> that requires proof of professional negligence as a predicate to recovery" regardless of the claims designation. *Baumgarten v. Coppage*, 15 P.3d 304, 307 (Colo. App. 2000) (emphasis added). Accordingly, even a negligence *per se* claim would require a certificate of review under the circumstances here. *See id.*

6

Relatedly, the court also agrees with Defendants that a theory of *res ipsa loquitur* does not obviate the need for a certificate of review in this matter. "Res ipsa loquitur applies to a malpractice claim only when it is judicially determined that a particular unexplained occurrence creates a prima facie case of negligence without proof of specific misconduct." *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 625 n.2 (Colo. 1999) (internal quotation marks omitted). This occurs "only in unusual circumstances," *see id.* at 627, and requires "a plaintiff present evidence that the event is the kind which ordinarily does not occur in the absence of negligence; responsible causes other than the defendant's negligence are sufficiently eliminated by the evidence; and the presumed negligence is within the scope of the defendant's duty to the plaintiff[,]" *Williams v. Boyle*, 72 P.3d 392, 398 (Colo. App. 2003). While Mr. Hooper need not plead *res ipsa loquitur* in his Complaint, he fails to make the requisite showing at this juncture as to the applicability of the doctrine. And as mentioned, the court concludes that Mr. Hooper's claim requires expert testimony to establish a prima facie medical malpractice claim, requiring a certificate of review, which Mr. Hooper filed.

I now turn to Defendants' objections regarding the substance of the Certificate of Review. *First*, Defendants argue that the Certificate of Review is deficient, necessitating dismissal, because Plaintiff consulted two orthopedic surgeons who are not qualified to express an opinion on the standard of care applicable to Dr. Powers, an emergency room physician. *See* [#23 at 4-5; #26 at 8]. I find Defendants' argument premature.

Colorado law provides that in medical malpractice actions an expert witness may not testify against a physician unless he or she is a licensed physician and can demonstrate that he or she is qualified (through training, experience, education, knowledge, etc.) to testify to the applicable standard of care as it relates to the acts or omissions of the physician-defendant. *See* Colo. Rev.

Stat. § 13-64-401. But there is no requirement that a plaintiff describe the purported expert witness's qualifications in the certificate of review; should the court later require supplemental information it may order the plaintiff to produce such information. *See RMB Servs., Inc. v. Truhlar*, 151 P.3d 673, 675 (Colo. App. 2006).

While "a specialist in internal medicine could not testify to the standard of care for a general surgeon[,]" *Gasteazoro by & through Eder v. Catholic Health Initiatives Colorado*, 408 P.3d 874, 881 (Colo. App. 2014), it is not apparent that Dr. Powers is a specialist for purposes of a Certificate of Review regarding Mr. Hooper's medical malpractice claim. Indeed, "as to non-specialty diagnosis and treatment, a physician in one area of practice, or a general practitioner, may testify as to the standard of care common to the medical profession." *Hall*, 190 P.3d at 858. Further, specialists in one field may testify as to the standard of care for other specialists if "in addition to . . . a showing of substantial familiarity [through training, experience, education, etc.], there is a showing that the standards of care and practice in the two fields are similar." Colo. Rev. Stat. § 13-64-401. Based on the record before the court, neither Defendants nor the court can decide this issue currently. Accordingly, the court will require Plaintiff to supplement his Certificate of Review with information from one or both orthopedic surgeons with whom he conferred to establish that one or both is qualified, e.g., through training, experience, education, or because emergency medicine is not considered a specialty area, to opine as to the standard of care applicable to Dr. Powers. *See* Colo. Rev. Stat. §§ 13-20-602(3)(b)-(c).

*Second*, Defendants argue that the Certificate of Review fails to include a declaration that the consulted experts concluded that Mr. Hooper's claim "does not lack substantial justification," and thus the court must dismiss the Complaint. *See* [#23 at 5; #26 at 8]. Defendants are correct that the Certificate of Review does not contain a declaration that the professional consulted "has

8

concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13-17-102(4)." Colo. Rev. Stat. § 13-20-602(3)(a)(II); *cf.* [#18]. But the court has the discretion to grant the plaintiff an extension of time to file a certificate of review. *See Williams*, 72 P.3d at 396. In doing so, courts consider whether the failure to file was excusable, whether the defendant alleges a meritorious defense or claim, and whether the plaintiff would suffer prejudice in the absence of an extension. *See Ehrlich Feedlot, Inc. v. Oldenburg*, 140 P.3d 265, 271 (Colo. App. 2006).

Here, Mr. Hooper filed a certificate of review that largely complies with Colo. Rev. Stat. § 13-20-602(3)(a) and Mr. Hooper is proceeding *pro se*. Moreover, Mr. Hooper will suffer prejudice if the court dismisses his Complaint based on these deficiencies. Accordingly, Mr. Hooper shall file an Amended Certificate of Review that fully complies with Colo. Rev. Stat. § 13-20-602(3)(a) and addresses the deficiencies identified in this Order on or before **March 29, 2019**.

## CONCLUSION

For the reasons stated herein, the court **GRANTS IN PART and DENIES IN PART** the Motion to Dismiss, and Mr. Hooper shall have up to and including **March 21, 2019** to file an Amended Certificate of Review, consistent with this Order.

DATED: March 8, 2019

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge